# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JACOB DILLINGHAM** | : | CASE NO. |
| 7895 Tyler's Way | : | |
| West Chester, OH 45069 | : | JUDGE: |
| | : | |
| Plaintiff, | : | |
| -vs- | : | |
| | : | |
| **MAUSER USA, LLC** | : | |
| c/o Corporation Service Company | : | |
| 50 West Broad Street, Suite 1330 | : | |
| Columbus, OH, 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT WITH JURY DEMAND

Plaintiff Jacob Dillingham states the following for his Complaint against Defendant Mauser USA, LLC:

### PARTIES

1. Plaintiff Jacob Dillingham ("Dillingham") is a resident of Butler County, Ohio.

2. Defendant Mauser USA, LLC ("Defendant") is a limited liability company organized in New Jersey, it is registered as a foreign corporation in Ohio, and it does business in Mason, OH.

### JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.

4. This Court has supplemental jurisdiction over Dillingham's state claims under 28 U.S.C. § 1367 because his state claims arise under the same set of occurrences and transactions as his federal claims.

5. Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391 because all or a substantial amount of the events giving rise to Dillingham's claims occurred within this District.

## STATEMENT OF FACTS

6. Defendant is a manufacturer of steel drums.

7. Dillingham is an engineer, who began working for Defendant on or about September 21, 2017 as a service technician at its location in Mason, Ohio.

8. Dillingham's primary duties involved working on Defendant's machinery when it broke down, so Defendant could resume production.

9. Dillingham was qualified for his position.

10. Dillingham is a diligent worker, he loves to work, and he is enthusiastic about his work.

11. Dillingham always performed his work effectively, with great care, and in a timely fashion.

12. Dillingham performed his work to a high standard of care, he diligently stayed informed of Ohio safety regulations, and he dedicated himself to ensuring his work was performed safely.

13. When Defendant's machines broke down, Defendant's supervisors would inform Dillingham, and Dillingham was tasked with fixing these machines.

14. Defendant's machines often broke down during Dillingham's lunch break, and they would often break down towards the end of Dillingham's scheduled shift.

15. Regardless of when the machines broke down, Dillingham's superiors would order him to repair the machinery, so production could continue.

16. Thus, Dillingham would have to sometimes work through lunch, cut his lunch shift short, or work past his regular scheduled time.

17. When this would occur, Dillingham would sometimes work overtime hours.

18. Defendant frequently did not pay Dillingham for all the overtime that he worked.

19. In addition, Dillingham's repair duties required certain safety equipment to perform his duties safely.

20. Defendant failed to provide Dillingham with proper lockout devices and procedures while he worked on Defendant's machinery.

21. Under 29 CFR 1910.147 and 29 CFR 1910.333, OSHA regulations required Defendant to take certain safety precautions, such as lockout devices, while Dillingham and others worked on Defendant's machinery.

22. In addition to other safety failures, Defendant failed to comply with 29 CFR 1910.147 and 29 CFR 1910.333 while Dillingham worked on its machinery and equipment.

23. Dillingham informed his supervisor about the above-OSHA violations, and he did not remedy these safety violations.

24. Dillingham then complained to another superior that he did not receive the machine locks, and he informed the superior that Dillingham believed Defendant was in violation of OSHA regulations.

25. Dillingham also had reported to his superiors, including Human Resources, that he was not receiving overtime payment for time he worked.

26. Defendant then fired Dillingham for reporting OSHA and wage violations.

## STATEMENT OF CLAIMS

### Count 1
### 29 U.S.C. Chapter 8 – FLSA Violation
### (Overtime)

27. Dillingham restates and incorporates all previous paragraphs.

28. Dillingham frequently worked more than 40 hours in a work week.

29. Dillingham is an hourly employee.

30. The hours Dillingham worked beyond 40 hours in a week are overtime hours under the Fair Labor Standards Act ("FLSA").

31. Defendant is required under the FLSA to pay Dillingham time-and-a-half for every hour he worked beyond 40 hours in a week.

32. Defendant failed to pay Dillingham time-and-a-half for all his overtime.

33. Defendant violated the FLSA for failing to pay Dillingham according to law.

34. Defendant acted willingly, maliciously, and in conscious disregard of Dillingham's rights.

35. Defendant damaged Dillingham.

### Count 2
### 29 U.S.C. Chapter 8 – FLSA Violation
### (Retaliation)

36. Dillingham restates and incorporates all previous paragraphs.

37. Dillingham was qualified for his position.

38. Dillingham reported violations of the FLSA to Defendant with a reasonable good faith belief Defendant was violating the FLSA.

39. Defendant terminated Dillingham.

40. Defendant terminated Dillingham because he reported Defendant's FLSA violations.

41. Defendant acted willingly, maliciously, and in conscious disregard of Dillingham's rights.

42. Defendant damaged Dillingham.

### Count 3
### R.C. § 4111.03 Violation
### (Overtime)

43. Dillingham restates and incorporates all previous paragraphs.

44. Dillingham frequently worked more than 40 hours in a work week.

45. The hours Dillingham worked beyond 40 hours in a week are overtime hours under R.C. § 4111.03.

46. Defendant is required under R.C. § 4111.03 to pay Dillingham time-and-a-half for every hour he worked beyond 40 hours in a week.

47. Defendant failed to pay Dillingham time-and-a-half for all his overtime.

48. Defendant violated R.C. § 4111.03 for failing to pay Dillingham according to law.

49. Defendant acted willingly, maliciously, and in conscious disregard of Dillingham's rights.

50. Defendant damaged Dillingham.

### Count 4
### R.C. § 4111 Violation
### (Retaliation)

51. Dillingham restates and incorporates all previous paragraphs.

52. Dillingham was qualified for his position.

53. Dillingham reported violations of R.C. § 4111 to Defendant with a reasonable good faith belief Defendant was violating R.C. § 4111.

54. Defendant terminated Dillingham.

5

55. Defendant terminated Dillingham because he reported Defendant's R.C. § 4111 violations.

56. Defendant acted willingly, maliciously, and in conscious disregard of Dillingham's rights.

57. Defendant damaged Dillingham.

## Count 5
## Termination Against Public Policy

58. Dillingham restates and incorporates all previous paragraphs.

59. Dillingham reported what he believed were OSHA violations in Defendant's place of business with reasonable belief and in good faith.

60. Dillingham reported these violations to multiple supervisors.

61. Defendant fired Dillingham because he reported these OSHA violations.

62. Defendant retaliated against Dillingham, and it fired Dillingham in violation of public policy.

63. Defendant acted willingly, maliciously, and in conscious disregard of Dillingham's rights.

64. Defendant damaged Dillingham.

**Wherefore** Dillingham respectfully requests this Court issue judgment in his favor on all counts and award him the following relief:

    a. Compensatory damages;

    b. Back pay;

    c. Front Pay;

    d. Statutory damages;

    e. Liquidated Damages;

    f.  Interest;

    g.  Attorney Fees;

    h.  Litigation costs and expenses;

    i.  Punitive damages; and

    j.  Any and all other relief this Court deems proper.

                              Respectfully Submitted,

                              */s/ Matt Miller-Novak*
                              Matthew-Miller Novak (0091402)
                              GODBEY LAW
                              708 Walnut Street, Suite 600
                              Cincinnati, Ohio 45202
                              P: 513-241-6650
                              F: 5153-241-6649
                              E: Matt@godbeylaw.com
                              *Attorney for Plaintiff Jacob Dillingham*

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all Counts and as to all issues.